UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20 CV 227 RWS |
| | ) |
| BRECKENRIDGE MOTORS, INC. and | ) |
| JACKIE YOUNG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Owners Insurance Company commenced this action on February 10, 2020, seeking a declaratory judgment that it has no duty to defend or indemnify Defendant Breckenridge Motors, Inc. in a state court action brought against Breckenridge Motors by Jackie Young.  After reviewing Owners Insurance's Complaint, I ordered Owners Insurance to show cause why its Complaint should not be dismissed for lack of subject matter jurisdiction [ECF No. 15].  Owners Insurance responded to the order, as did Breckenridge Motors [ECF Nos. 16, 19].

On July 7, 2020, Owners Insurance filed a motion to stay this case while it amends its Complaint in light of changes to Young's petition in the state court action against Breckenridge.  Owners Insurance seeks 30 days in order to file an amended complaint or to voluntarily dismiss the case [ECF No. 20].  However, because I conclude that Owners Insurance has not met its burden to show that I

have subject matter jurisdiction to hear this case, I will dismiss this case without prejudice and allow Owners Insurance to file a new complaint based on the subsequent developments in the underlying state case against Breckenridge Motors.

**I.      Legal Standard**

The Declaratory Judgment Act does not itself provide for the exercise of federal jurisdiction over a dispute.  See 28 U.S.C. § 2201(a) (providing that a court may issue a declaratory judgment in "a case of actual controversy within its jurisdiction").  In this case, Owners Insurance alleges the Court has diversity jurisdiction to issue a declaratory judgment.

Federal courts exercise diversity jurisdiction when there exists "complete diversity of the parties and an amount in controversy that 'exceeds the sum or value of $75,000, exclusive of interest and costs.'" Mensah v. Owners Ins. Co., 951 F.3d 941, 943 (8th Cir. 2020) (citing 28 U.S.C. § 1332(a)).  The Court measures the amount in controversy "'by the value to the plaintiff of the right sought to be enforced' when the amount is in question." Turntine v. Peterson, 959 F.3d 873, 880 (8th Cir. 2020) (citing Am. Family Mut. Ins. v. Vein Ctrs. for Excellence, Inc., 912 F.3d 1076, 1081 (8th Cir. 2019)). "The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the

evidence." Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005).

**II.  Analysis**

When "an insurer sues an insured to determine its obligation to defend and indemnify, the amount in controversy . . . ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible." Am. Family Mut. Ins. Co., 912 F.3d at 1081 (citing Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC, 620 F.3d 926, 932 (8th Cir. 2010)).  Here, Owners Insurance has not shown by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000.00 as required by 28 U.S.C. § 1332(a).

The Court's jurisdiction to hear this case "is measured . . . at the time the action is commenced." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011).  Owners Insurance commenced this action based on Young's original petition in the state case against Breckenridge Motors.  See Young Pet., ECF No. 16-1.  In the state court petition, Jackie Young alleges Breckenridge Motors violated the Missouri Merchandising Practices Act in a series of transactions regarding cars Young purchased from Breckenridge Motors.  See id.  Young seeks "damages that will fairly and justly compensate [her]."  The damages in Young's

3

petition total $18,989.50, plus some potential additional costs from Young's purchases of oil and maintenance. See id.  Young also seeks attorneys' fees.

Under the Missouri Merchandising Practices Act, "the court may, in its discretion . . . award to the prevailing party attorney's fees, based on the amount of time reasonably expended." § 407.025.1 R.S.Mo.  In the Eighth Circuit, Young's probable attorneys' fees may be included when calculating the amount in controversy.  See Faltermeier v. FCA US LLC, 899 F.3d 617, 621 (8th Cir. 2018) ("The district court properly included in the jurisdictional amount the attorneys' fees that may be awarded.").  However, Young's original petition does not seek punitive damages, and I can therefore conclude "to a legal certainty" that she cannot recover them based on that petition. See Peterson v. The Travelers Indem. Co., 867 F.3d 992, 995 (8th Cir. 2017) ("The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'") (citing Schubert, 649 F.3d at 822); see also Slocum v. Gerber Prod. Co., No. 2:16-CV-04120-NKL, 2016 WL 3983873, at *3 (W.D. Mo. July 25, 2016) ("[W]here punitive damages are not sought in the petition, they are legally unrecoverable under Missouri law.").

Accordingly, the probable costs of defense and indemnification in controversy in the matter before me include the damages Young seeks, the "probable" attorneys' fees to defend the action, and the "probable" attorneys' fees

4

Young would recover if she prevails in the state court action and the state court grants attorneys' fees.  See Scottsdale Ins. Co., 620 F.3d at 932.  Because the damages in the underlying suit total less than $20,000, I inquired into whether the jurisdictional minimum was in fact in controversy in this case [ECF No. 15]. Owners Insurance responded that it is "reasonable to assume" that each party in the underlying state court suit will accrue $30,000 in attorneys' fees [ECF No. 16].

    Owners Insurance did not provide evidence to support its assertion that the combined fees will total $60,000.00.  It did not provide information regarding its computation of attorneys' fees, the fees accrued to date, or whether the parties would need to retain experts.  Owners Insurance's cite to Cupit v. Dry Basement, Inc. is unavailing; the facts and posture in Cupit are different from this case.  See 592 S.W.3d 417 (Mo. Ct. App. 2020).  In Cupit, the Missouri Court of Appeals rejected the Cupits' challenge that the trial court's fee award was too *low*.  The appellate court did not review the specific reasons supporting the fee award in the case, and instead observed, "the trial court did not designate how it calculated the fees."  Cupit, 592 S.W.3d at 426.

    I find that Owners Insurance's response to my order to show cause does not demonstrate by a preponderance of the evidence that it is probable that Owners Insurance would spend $30,000.00 to defend Breckenridge Motors against less than $20,000.00 in claimed damages.  I also find that Owners Insurance has not

5

shown by a preponderance of the evidence that Young would accrue the same amount in attorneys' fees as Breckenridge Motors, which would total 150% of her claimed damages.

## III.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the claims of Plaintiff Owners Insurance Company are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff Owners Insurance Company's motion to stay proceedings [20] is **DENIED** as moot.

An order of dismissal is issued this same date.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2020.